## Ex Parte the Candelaria Fruit Company.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 126.—Resuelto en mayo 12, 1904.

Dominio—Título Escrito.—Los propietarios que carezcan de título escrito de dominio, cualquiera que sea la época de su adquisición, podrán inscribir dicho dominio, justificándolo con las formalidades expresadas en el artículo 395 de la Ley Hipotecaria.

Posesión—Prescripción.—La frase cualquiera que sea la época de la *adquisición*, comprendida en las disposiciones del artículo 395 de la Ley Hipotecaria, se refiere *a la adquisición del dominio* que sólo puede obtenerse por el transcurso del término de posesión que fija la ley para la prescripción del dominio.

### EXPOSICIÓN DEL CASO.

En los autos seguidos én el Tribunal de Distrito de Arecibo por el Abogado Don José Benedicto, en representación de "La Candelaria Fruit Company," de San Juan, sobre información de dominio de una finca rústica, autos pendientes ante nos a virtud del recurso de apelación interpuesto por la representación de la compañía promovente, contra sentencia pronunciada por el referido tribunal de distrito, la que copiada a la letra dice así: (*)

"Arecibo, octubre 2 de 1903.

"*Resultando:* que el abogado Don José Benedicto ha promovido este expediente de dominio a nombre de 'The Candelaria Fruit Company, domiciliada en San Juan, para que por la Corte de Distrito de Arecibo se declare y mande a inscribir en el registro de la propiedad, a favor de la compañía promovente, el pleno dominio sobre una finca rústica compuesta de 80 cuerdas, equivalentes a 30 hectáreas, 44 áreas, 31 centiáreas, a 20 miliáreas, terreno de tercera clase a pasto y maleza, situado en el barrio del Coto, término de Manatí.

"*Resultando:* que de los documentos que acompañó con su escrito de promoción, aparece que esa finca la heredó en su mitad Don Basilio Vélez Alvarado, según el expediente posesorio que de la misma finca consta inscrito en el Registro de la Propiedad de Arecibo, al folio 82 del tomo 14 del ayuntamiento de Manatí, y la otra mitad la compró el citado Don Basilio Vélez Alvarado a su hermano Don Evaristo, en escritura pública otorgada el mes de octubre de 1901; habiendo comprado después ambas mitades Don Nathanil A. Walcott y Don Nathanil P. Tyler, por escritura que se inscribió a favor de los compradores en el Registro de la Propiedad de Arecibo, el día 6 de mayo de 1902.

*Resultando:* Don Nathanil A. Walcott y Don Nathanil P. Tyler vendieron después la expresada finca a Don Arthur C. Hansard, por escritura pública otorgada en San Juan el 14 de mayo de 1902; y en la misma fecha, y también por escritura pública, Don Arthur C.

Hansard vendió a 'The Candelaria Fruit Company' la misma finca por la suma de $200, inscribiéndose esta escritura en el Registro de la Propiedad de Arecibo, el día 21 de mayo de 1902.

"*Resultando:* que practicadas las formalidades del artículo 395 de la Ley Hipotecaria, los Sres. Don Arthur C. Hansard, Don Samuel P. Bates y Don Nathanil P. Tyler, declararon bajo juramento ser cierto los hechos expuestos y que 'The Candelaria Fruit Company' ejerce actos de dominio sobre la finca descrita, desde que la adquirió, sin oposición de nadie.

"*Resultando:* que pasado este expediente al Ministerio Fiscal, ha dictaminado de conformidad con la aprobación del mismo, toda vez que aparecen cumplidos en él todos los requisitos prevenidos por la Ley Hipotecaria, en su artículo 395, y

"*Considerando:* que conforme al artículo 395 de la Ley Hipotecaria vigente, el propietario que careciere de título escrito de dominio, cualquiera que fuese la época de su adquisición, podrá inscribir dicho dominio (\*) justificandolo con las formalidades que se insertan en el mismo artículo.

"*Considerando:* que la frase 'cualquiera que sea la época de la adquisición' se refiere a la adquisición del dominio, y no habiendo adquirido la 'The Candelaria Fruit Company' el dominio objeto de este expediente, de ninguno de sus causantes, pues el primer trasmitente Don Basilio Vélez Alvarado sólo tenía la posesión por herencia de la mitad de ella, según expediente posesorio aprobado por el Juzgado Municipal de Manatí, en auto de 25 de junio último, e inscrito en el registro de la propiedad, claro es que no puede obtener la expresada 'Candelaria Fruit Company' el dominio que pretende, mientras no haya transcurrido el término que fija la ley para la prescripción del dominio, a partir del principio de la posesión de Vélez.

"*Considerando:* que no constando consolidado en 'Candelaria Fruit Company,' por la prescripción, el dominio de la finca que se describe en este auto, no puede mandarse inscribir como tal en el registro de la propiedad.

"*Vistas* las disposiciones citadas. No ha lugar a declarar justificado a favor de la 'Candelaria Fruit Company' el dominio objeto de este expediente. Lo acordaron y firman los señores jueces del tribunal, de que certifico. Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich, José E. Figueras."

538

*Resultando*: que contra esta sentencia interpuso el abogado representante de "La Candelaria Fruit Company" recurso de apelación que le fué admitido, y que elevados los autos a esta Superioridad con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, a cuyo acto asistió únicamente el Señor Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. José E. Benedicto.*

Abogado del Pueblo: *Sr. Emilio del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan. (*)

*Fallamos*: que debemos confirmar y confirmamos la expersada sentencia, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.